IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Yon Bivens,                          :

          Plaintiff,                 :

     v.                              :    Case No. 2:05-cv-0445

Jeff Lisath, et al.,                 :    JUDGE GRAHAM

          Defendants.                :

<u>REPORT AND RECOMMENDATION</u>

     Plaintiff, Yon Bivens, an inmate at the Ross Correctional
Institution, filed this action under 42 U.S.C. §1983 alleging
that he suffered bodily injury while incarcerated at the Ross
Correctional Institution.  According to the complaint, he was
assaulted by three inmates.  He claims that the defendants, all
of whom are employed by the Ross Correctional Institution, were
responsible for the assault because they either provided the
inmates with a key to his cell or allowed inmates who were not
assigned to his housing unit to enter the housing unit, all the
while knowing that Mr. Bivens had previously asserted that he
would be assaulted by these very inmates.

     The defendants filed a motion to dismiss.  They assert two
grounds: that Mr. Bivens has not demonstrated exhaustion of his
administrative remedies, and that three of the defendants have
never been served with the complaint.  For the following reasons,
it will be recommended that the motion to dismiss be denied.

I.

     Exhaustion of administrative grievances is required by the
Prison Litigation Reform Act.  <u>See</u> 42 U.S.C. §1997e(a).  The
defendants correctly point out that Ohio provides for a three-
step grievance process which consists of the filing of an

informal complaint, a formal grievance with the institutional inspector, and an appeal to the chief inspector. They note that although Mr. Bivens' complaint generally alleges that he exhausted the grievance process, he did not attach copies of his grievances to his complaint. They further argue that it can be inferred from the wording of the complaint that he did not completely exhaust the grievance process because he makes reference to the fact that he did not receive responses to one or more levels of grievances. Citing to <u>Hartsfield v. Vidor</u>, 199 F.3d 305 (6th Cir. 1999), they argue that under controlling Sixth Circuit precedent an inmate is required to pursue each level of the grievance process even if a timely response is not given to a grievance filed at the previous level.

In response, Mr. Bivens argues that he did file all appropriate grievances. He attached to his response a copy of a second-level grievance which describes the incidents involved in the complaint and names at least some of the defendants in that grievance. He also asserts in his memorandum that he filed an appeal but that he did so while in segregated status. Although he does not explicitly say so, it can be inferred from his response that because he was in segregation at the time he filed his appeal, he was unable to retain a copy. He has asserted, in his sworn complaint, that he filed all appropriate grievances. The defendants have not filed a reply memorandum contradicting Mr. Bivens' assertions that he filed grievances at all three levels. If he did file a third-level grievance, the Court would expect the defendants to have a copy of that document or to be able to obtain an affidavit from the Chief Inspector that no such grievance was filed.

Although it is preferable for a prisoner to attach copies of all grievances and responses needed to demonstrate exhaustion of administrative remedies, it is not required. A prisoner may, as

2

an alternative to providing copies of his or her grievances, "describe with specificity the administrative proceeding and its outcome." Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). Further, exhaustion may well occur when a prisoner submits a timely grievance and prison officials fail to respond. See Boyd v. Corrections Corp of America, 380 F.3d 989 (6th Cir. 2004); see also Fazzini v. Northeast Ohio Correctional Center, ___ F.3d ___ (6th Cir. December 28, 2006). The Court concludes that Mr. Bivens' filings satisfy these requirements.

Under these circumstances, and given the fact that the defendants have moved to dismiss the complaint rather than move for summary judgment, the Court concludes that it is not beyond doubt that Mr. Bivens can prove that he appropriately grieved his cause of action. At this stage of the case, the Court is required to construe the pleadings in the light most favorable to the plaintiff. Because the complaint does allege the exhaustion of the Ohio Prison Grievance Procedure, because Mr. Bivens has provided documentary evidence that he proceeded at least to the second step of the procedure, and because he makes a plausible argument as to why he might not have retained a copy of his third-level grievance, the complaint should not be dismissed on exhaustion grounds.

II.

The other issue raised by the motion to dismiss is the failure to serve three of the defendants. Mr. Bivens argues in response that he did everything he could to obtain service by the United States Marshal and that he bears no further responsibility for serving these defendants.

Mr. Bivens is mistaken. Even in a case in which a party is proceeding *in forma pauperis* and in which the Marshal is directed to make service, it is the plaintiff's responsibility to provide the Marshal with information sufficient to permit service to be

3

made.  Here, defendant Nordick was not served because, according to a return of service, no person with that name could be found at the Ross Correctional Institution.  The other two unserved defendants, Davis and Harris, were not served because more than one officer at the institution has that last name and it was unclear which ones were being sued.

The Court can extend the time for perfection of service of process if good cause is shown.  Here, the Court concludes that Mr. Bivens ought to be given an additional opportunity to obtain information concerning the three unserved defendants, to provide that to the United States Marshal, and to obtain service.  He will be given an additional 60 days to do so.  After that time, if he has not provided adequate information, his complaint will be dismissed without prejudice as to those three defendants for failure to make service of process.

III.

Based upon the foregoing, it is recommended that the defendants' motion to dismiss (#10) be denied.  Further, plaintiff is granted an additional 60 days within which to provide the United States Marshal with information which would permit service of process upon defendants Nordick, Harris and Powers.  Failure to do so will result in the dismissal of these claims against these defendants without prejudice.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is

4

made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge