```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

Yon Bivens,                      :

       Plaintiff,            :

  v.                             :     Case No. 2:05-cv-0445

Jeff Lisath, et al.,             :     JUDGE GRAHAM

       Defendants.           :

<u>REPORT AND RECOMMENDATION</u>

     This prisoner civil rights case is before the Court to consider a motion for summary judgment filed by the defendants. In that motion, the defendants argue that this case must be dismissed under 42 U.S.C. §1997e(a) because Mr. Bivens did not exhaust his administrative remedies before filing suit.  Mr. Bivens has asked for an extension of time to respond to the motion, but has not filed a formal response.  For the following reasons, it will be recommended that the motion for summary judgment be denied.  As a result, any request for an extension of time would be moot, and defendants' request to stay discovery pending a decision on their summary judgment motion would also be moot.

I.

     The facts supporting the summary judgment motion can be stated simply.  Mr. Bivens filed a complaint alleging that prison officials improperly permitted other inmates to enter a secure area and that, as a result, he was assaulted and severely beaten. He claims that each of the defendants is responsible for this incident and therefore liable under 42 U.S.C. §1983.  The issue raised by the summary judgment motion relates exclusively to Mr. Bivens' pursuit of  administrative remedies.  In his complaint, Mr. Bivens alleges that he filed an informal complaint concerning

this matter.  In his words, in response to his informal complaint,

> I was told by Jeff Lisath and I believe two female case managers that everything would be taken care of.  However, nothing was done....

Complaint, section IV.  Mr. Bivens signed his complaint under penalty of perjury, so that statement has the effect of a sworn declaration.

Defendants attached a declaration and an affidavit to their motion for summary judgment.  Those documents show that Mr. Bivens did not file a second-step grievance with the Inspector of Institutional Services nor a third-step grievance, which is an appeal to the Office of the Chief Inspector.  Because Mr. Bivens does not allege that he filed such grievances, the facts relating to the summary judgment motion are undisputed.  The question is whether the defendants are entitled to summary judgment on exhaustion grounds based upon this set of facts.

II.

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute.  It may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464 (1962).  The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).  Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party.

United States v. Diebold, Inc., 369 U.S. 654 (1962).  The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact.  See Celotex Corp. v.Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion.  It is with these standards in mind that the instant motion must be decided.

III.

As defendants correctly point out, there is a three-step grievance process in Ohio for most inmate complaints.  That process is set forth in O.A.C. §5120-9-31(J)(2).  The three steps of the process are the filing of an informal complaint, an appeal to the institutional inspector, and an appeal to the chief inspector.  Mr. Bivens did not pursue this matter beyond the informal complaint stage.

As defendants also note in their memorandum, if an inmate submits an informal complaint and "is not satisfied with the results, he may take the second step by filing a formal grievance with the Inspector of Institutional Services at the prison where he is confined." Defendants' First Motion for Summary Judgment, at 4-5.  That same concept is repeated in the regulation itself, which provides that the second step of the grievance process must be pursued "if the inmate is dissatisfied with the informal

3

complaint response...." Clearly, a dissatisfied inmate must proceed beyond the first stage of the grievance procedure. However, if the inmate is not dissatisfied with the response to his informal complaint, must he thereafter either file a second-step grievance or renew his complaint if, after receiving a satisfactory response, he does not receive the promised action described in the response?  Further, does he have an administrative remedy "available" to him at that point if more than fourteen days has passed since the initial incident (which is the time limit on filing informal complaints) or if the time limit for filing a second-step grievance is passed?  Those are the questions presented here.

There is surprisingly little case law on this issue. Defendants, apparently not recognizing that this issue was posed by their motion for summary judgment, have not addressed it.  The Court's independent research has located several cases which directly or indirectly address the issue, and they are not entirely consistent with each other.

Chronologically, the first case which warrants discussion is Arroyo v. City of New York, 2003 WL 22211500 (S.D.N.Y. September 25, 2003).  In that case, an inmate had requested certain medical procedures.  In response to his first-level grievance, the prison promised that he would receive the procedures in a timely manner. He waited for that to occur, but it did not.  He then filed suit. Without any significant amount of discussion, the court concluded that in order properly to exhaust administrative remedies as required by 42 U.S.C. §1997e(a), the inmate was required to file a new grievance and to pursue that grievance to the conclusion of the process before filing a suit.

Addressing the issue on a somewhat more general level, the Court of Appeals for the Ninth Circuit held, in Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005), that in order to exhaust

4

available remedies an inmate need not proceed beyond the point where he has obtained a favorable response or has obtained the relief which he sought.  Relying on that language, the court in Lay v. Hall, 2007 WL 137155, *6 (E.D. Cal. January 17, 2007) held that further exhaustion of the prison grievance process is not required if "[i]t reasonably appeared from the response to the grievance that plaintiff had prevailed.  A prisoner would understandably construe this decision as granting available remedies and, implicitly, as a reliable indication that no further appeal was available or necessary."

In the Court's view, that rationale applies with equal force to this case.  Here, when Mr. Bivens filed his original grievance, he was told that the situation would be handled to his satisfaction.  Thus, in the words of the Lay v. Hall court, it "reasonably appeared from the response to the grievance" that Mr. Bivens had obtained the remedy he sought.  Additionally, he would "understandably construe this decision as granting available remedies" and "as a reliable indication that no further appeal was available or necessary."  The language of the applicable regulation reiterates this conclusion.  It was only when the prison officials did not carry through with their promise to Mr. Bivens that he became dissatisfied with the response.  As noted, at that point it was both too late for him to file an appeal and too late for him to file a another grievance based upon the original facts.  Under those circumstances, it was reasonable for him to proceed to court, and it is reasonable for the Court to conclude that Mr. Bivens properly exhausted those remedies available to him through the prison grievance process before doing so.  Consequently, the defendants, who bear the burden of proving that a prisoner did not properly exhaust administrative remedies, have not met that burden here.  Therefore, their summary judgment motion should be denied.

5

IV.

Mr. Bivens has also filed a request for an extension of time and for the issuance of a subpoena for certain evidence relating to the underlying incident.  Because the Court is able to resolve the summary judgment motion without the benefit of a response from him, he does not need a time extension with respect to that matter.  Concerning his request for a subpoena, the documents which he describes in his request (#22) are documents which would appear to be under the possession or control of the defendants in this case.  As a result, he need not subpoena those documents, but may simply request them through the normal discovery processes that are available to parties to litigation and identified in Federal Rules of Civil Procedure 26 through 37.  Those rules contemplate, among other things, that the parties will engage in and exchange discovery without the intervention of the Court unless they reach an impasse as to whether certain matters are discoverable.  Because it does not appear that discovery has been pursued through these channels or that the parties have reached an impasse with respect to the discoverablitity of the matters requested by Mr. Bivens, his request for a subpoena is premature.

V.

Based upon the foregoing, it is recommended that the defendants' first motion for summary judgment (#20) be denied.  Further, defendants' motion to stay discovery (#21), plaintiff's motion for subpoena (#22) and plaintiff's motion for extension of time (#23) are all moot and are therefore denied.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific

proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. Section 636(b)(1).

    The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

    /s/ Terence P. Kemp
United States Magistrate Judge