IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Yon Bivens,                          :

    Plaintiff,                    :

  v.                                 :      Case No. 2:05-cv-0445

Jeff Lisath, et al.,                 :      JUDGE GRAHAM

    Defendants.                   :

OPINION AND ORDER

On June 1, 2007, the Magistrate Judge issued a Report and Recommendation recommending that the Court deny a motion for summary judgment which had been filed by the defendants. Defendants argued in their motion that plaintiff Bivens, who is a state prisoner, did not exhaust his administrative remedies before filing suit as required by 42 U.S.C. §1997e(a). Defendants have now filed objections to the recommendation that their motion be denied. The objections will be reviewed *de novo*. *See* 28 U.S.C. §636(b).

I.

The Report and Recommendation recite the operative facts as follows, based on the complaint which was sworn to under penalty of perjury:

> The facts supporting the summary judgment motion can be stated simply. Mr. Bivens filed a complaint alleging that prison officials improperly permitted other inmates to enter a secure area and that, as a result, he was assaulted and severely beaten. He claims that

>each of the defendants is responsible for this incident and therefore liable under 42 U.S.C. §1983. The issue raised by the summary judgment motion relates exclusively to Mr. Bivens' pursuit of administrative remedies. In his complaint, Mr. Bivens alleges that he filed an informal complaint concerning this matter. In his words, in response to his informal complaint,
>
>>I was told by Jeff Lisath and I believe two female case managers that everything would be taken care of. However, nothing was done....
>
>Complaint, section IV.

Mr. Bivens does not allege any further exhaustion of administrative remedies. The defendants' evidentiary materials demonstrated that he did not file a second-step grievance with the Inspector of Institutional Services nor a third-step grievance, which is an appeal to the Office of the Chief Inspector. O.A.C. §5120-9-31(J)(2), the applicable regulation, contains a three-step grievance process consisting of informal complaint; an appeal to the institutional inspector; and an appeal to the chief inspector. The only question decided by the Magistrate Judge, and presented by the objections, is whether there is a factual dispute about whether Mr. Bivens should be excused from completing the grievance process prior to filing suit.

The Report and Recommendation focused upon language in the regulation which provides that the second step of the grievance process must be pursued "if the inmate is dissatisfied with the informal complaint response...." As the Magistrate Judge noted,

2

> Clearly, a dissatisfied inmate must proceed beyond the first stage of the grievance procedure. However, if the inmate is not dissatisfied with the response to his informal complaint, must he thereafter either file a second-step grievance or renew his complaint if, after receiving a satisfactory response, he does not receive the promised action described in the response? Further, does he have an administrative remedy "available" to him at that point if more than fourteen days has passed since the initial incident (which is the time limit on filing informal complaints) or if the time limit for filing a second-step grievance is passed? Those are the questions presented here.

Report and Recommendation, at 4. After discussing the few cases that have addressed this or a similar issue, and noting some conflict among them, the Magistrate Judge concluded (1) that an inmate who reasonably believes that he or she has received a satisfactory response at any step of the grievance process has no obligation to pursue further appeals, *see Lay v. Hall*, 2007 WL 137155, *6 (E.D. Cal. January 17, 2007)(holding that further exhaustion of the prison grievance process is not required if "[i]t reasonably appeared from the response to the grievance that plaintiff had prevailed"); and (2) that if it later became apparent that the inmate would not receive the satisfaction that had been promised in the initial response, the inmate need not file a new grievance before filing suit. The Magistrate Judge further concluded that Mr. Bivens adequately alleged that he filed at least a first-step grievance, and that under these principles he was not required to pursue the second and third steps because he may

3

reasonably have believed he received a satisfactory response to the complaint that he made.

II.

In their objections, defendants argue that the allegation in Mr. Bivens' complaint about his having filed an informal grievance is simply untrue.  They note that a particular form is required to be submitted for such a grievance and that, according to their records, no such form was ever submitted.  They acknowledge that Mr. Bivens may have sent a "kite," which is on a different form, to defendant Lisath, and that may be the document identified in the complaint.  Although Mr. Lisath did tell Mr. Bivens that he might have a solution to the problems described in the kite and would discuss those with Mr. Bivens, the defendants assert that this exchange of communications cannot be substituted for the first-step grievance.  Alternatively, they argue that a reasonable inmate in Mr. Bivens' position would not have reasonably interpreted the response to his kite to be a promise that the issue he raised in the kite would be resolved in his favor, so that he was obligated to pursue additional remedies before filing suit.

The Court first notes that defendants have presented an argument in support of their objections that was not directly presented to the Magistrate Judge.  In their summary judgment motion, defendants asserted only that

> In the instant case, Plaintiff did not exhaust the grievance procedure because he neither filed a

4

>  notification of grievance with the Inspector of Institutional Services [see Exhibit B attached hereto] nor appealed to the Office of the Chief Inspector [see Exhibit A attached hereto].

Defendants' motion for summary judgment (Doc. 20), at 5.  The omitted steps in the process to which this argument refers are steps two and three, but not step one.  Thus, the contention that Mr. Bivens also failed to file a step one grievance is not directly addressed in the summary judgment motion. Ordinarily, contentions raised for the first time in an objection to a Magistrate Judge's Report and Recommendation are deemed waived.  *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).  Because Mr. Bivens has filed a response, however, and because the Court concludes that the objection lacks merit, the Court chooses not to enforce the waiver in this case.

As part of his response, Mr. Bivens has supplied the Court with a copy of a pamphlet which is issued to inmates describing the institutional grievance process and which is entitled "USING THE INMATE GRIEVANCE PROCEDURE."  Under the heading "STEP ONE: INFORMAL COMPLAINT," the pamphlet states, "Remember when you have a problem, talk to or kite staff working in the area.  *If this does not work*, you can file an informal complaint form."  (Emphasis added).  The pamphlet also has a diagram showing the steps of the process, called an "Inmate Grievance Procedure Flowchart."  On the first line of the flow chart, the inmate is told that if "You have a

5

problem," the next step is to "Talk to Or Kite Staff." The flow chart then identifies two possible resolutions at this stage. It asks "Is the issue resolved?" If the answer is "NO," the inmate is directed to the informal complaint process. However, if the answer is "YES," the inmate is instructed to "STOP."

Given the way in which the Department of Rehabilitation and Correction has explained the inmate grievance procedure, it would not necessarily be reasonable for an inmate to believe that he or she must still file an informal complaint if a discussion with a staff member or a response to a kite indicates that the problem will be taken care of. Further, if the promised solution does not come to fruition within fourteen days of the underlying incident, the inmate may very well conclude (and may be correct in so concluding) that there are no more remedies available, based on language in both the regulation itself and the inmate pamphlet which specifies that an informal complaint must be filed within fourteen days of the date on which the problem occurred. Under these circumstances, the fact that Mr. Bivens may not have filed even a first-step grievance on the proper complaint form is not necessarily dispositive. Rather, the question upon which the disposition of defendants' motion turns is whether reasonable minds could reach different conclusions about whether it was reasonable, based on the response Mr. Bivens received from Mr. Lisath and others to his kite or in subsequent discussions, for Mr. Bivens to

6

conclude that he had received a satisfactory response to the issues he presented to them.

According to the exhibits attached to defendants' objections (which exhibits were not, however, attached to the underlying summary judgment motion), Mr. Lisath's written response to the kite was to tell Mr. Bivens that "I think I have a solution to your problems. When you are released from SA [segregated confinement] I will have you sent to my office to discuss this." Defendants provide no other information about the contents of that subsequent discussion, if one occurred. The sworn complaint, however, states that Mr. Bivens was told not only by Mr. Lisath (who was the Deputy Warden) but by "two female case managers" that everything would be taken care of. Clearly, the complaint contains allegations that, if believed, would indicate that the kite led to further oral discussions from which Mr. Bivens concluded that he had received satisfaction. Such discussions are a part of the kite process as described in the pamphlet supplied by Mr. Bivens, which instructs inmates with a problem to first "talk to ... staff working in the area" before pursuing a grievance. Without more information from defendants to rebut Mr. Bivens' sworn assertion, the Court simply cannot conclude, as a matter of law, that Mr. Bivens acted unreasonably in foregoing further resort to the grievance process. This factual dispute precludes the entry of summary judgment.

III.

Based on the foregoing, and after a *de novo* review of the record, the Court ADOPTS AND AFFIRMS the Report and Recommendation which was filed on June 1, 2007. Defendants' motion for summary judgment (Doc. #20) is DENIED.

It is so ORDERED.

```
                              s/James L. Graham
                              JAMES L. GRAHAM
                              Senior United States District Judge
```

DATE: September 28, 2007