IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Yon Bivens,                    :

    Plaintiff,             :

  v.                           :    Case No. 2:05-cv-0445

Jeff Lisath, et al.,           :    JUDGE GRAHAM

    Defendants.            :

ORDER

This matter is before the Court on the objection filed by plaintiff Yon Bivens to the Magistrate Judge's Report and Recommendation filed October 3, 2008. In that Report and Recommendation, the Magistrate Judge recommended that defendants' motion to dismiss for failure of service be granted, that the plaintiff's motion for summary judgment be denied, that the defendants' second motion for summary judgment be granted, and that this case be dismissed with prejudice. Mr. Bivens's objection is limited to the recommendation that his motion for summary judgment be denied.

When objections are received to a Magistrate Judge's report and recommendation on a dispositive matter, the District Judge "shall make a de novo determination of any portion of the Magistrate Judge's disposition to which specific written objection has been made...." Fed.R.Civ.P. 72(b). After review, the District Judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id. See also 28 U.S.C. §636(b)(2)(B). For the following reasons, the objection will be overruled and this case will be dismissed.

The Magistrate Judge noted that Mr. Bivens's motion for summary judgment was actually a motion for sanctions pursuant to Fed. R. Civ. P. 37 and that summary judgment was the sanction Mr. Bivens sought for defendants' alleged failure to comply with his discovery requests. As a result, the Magistrate Judge construed Mr. Bivens's motion as one for default judgment against the defendants pursuant to Fed.R.Civ.P. 37(b).

As discussed by the Magistrate Judge, Fed.R.Civ.P. 37(b) authorizes sanctions for a party's failure to obey an order requiring discovery. The strongest sanction available to address discovery abuses is the entry of a default judgment against a defendant or an order of dismissal against a plaintiff. <u>Quinn v. Kennedy</u>, No. 1:07-cv-1036, 2008 WL 4145445 (W.D. Mich., Aug. 20, 2008)(citing <u>Grange Mut. Cas. Co. v. Mack</u>, 270 F.App'x 372, 376 (6th Cir. 2008)). In the Sixth Circuit, courts are to consider four factors including (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered. <u>Quinn</u> at *1 (citing <u>Freeland v. Amigo</u>, 103 F.3d 1271, 1277 (6th Cir. 1997)).

The Magistrate Judge concluded that there was no evidence in the record which would allow the Court to evaluate any of the above factors in considering Mr. Bivens's motion for sanctions. Rather, the Magistrate Judge found that the defendants had responded to the motion to compel by producing some documents and objecting to the production of certain others. In providing an objection, the defendants shifted the burden to Mr. Bivens to either clarify his discovery requests or seek an order from this Court directing defendants to comply with the requests as originally phrased. <u>Info-Hold, Inc. v. Sound Merchandising,</u>

Inc., 538 F.3d 448, 457-458 (6th Cir. 2008)(citing
Fed.R.Civ.P.26(b)(2); Fed.R.Civ.P. 33(b)(4)).

The Magistrate Judge found no indication in the record that Mr. Bivens attempted either of these options. Instead, according to the Magistrate Judge, Mr. Bivens did not pursue any further motion to compel nor did he attempt to clarify his discovery requests in response to defendants' objections. Similarly, the Magistrate Judge found that there was no evidence that Mr. Bivens pursued either an attempt at informal resolution or further motion to compel arising from the defendants' alleged incomplete production. The Magistrate Judge noted that the informal attempt to which Mr. Bivens made reference predated his motion to compel. Consequently, the Magistrate Judge determined that the record before the Court demonstrated defendants' compliance with the order to compel.

In his objection, Mr. Bivens reiterates the arguments considered at length in the Magistrate Judge's Report and Recommendation. Because Mr. Bivens has failed to raise any new arguments or issues in his objection, this Court, after a de novo review, will adopt the Magistrate Judge's Report and Recommendation in its entirety. See Butler v. Moore, 2006 WL 1281823 (S.D. Ohio May 9, 2006); Boyer v. Sheets, 2008 WL 3539107 (S.D. Ohio Aug. 11, 2008) (Magistrate Judge's Report and Recommendation adopted where petitioner raises all the same aruguments previously presented). Accordingly, Mr. Bivens's objection is OVERRULED.

Based on the foregoing, the Court overrules Mr. Bivens's objection and adopts the Magistrate Judge's Report and Recommendation (#72) in its entirety. Mr. Bivens's motion for summary judgment (#63) is DENIED. The defendants' second motion for summary judgment (#57) and their motion to dismiss some of the defendants for failure of service (#53) are GRANTED. All other pending motions are DENIED. Accordingly, Mr. Bivens's

complaint is DISMISSED with prejudice.  The Clerk is directed to enter judgment in favor of the defendants.

_____  S/ James L. Graham

JAMES L. GRAHAM
United States District Judge


Date: Feb. 5, 2009